# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK TRIGGS, *et al.*, | ) | CASE NO.  1:13-cv-1897 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | **DEFENDANT LOWE'S HOME** |
| | ) | **CENTERS, LLC'S MOTION FOR** |
| LOWE'S HOME CENTERS, INC., | ) | **PARTIAL SUMMARY JUDGMENT** |
| | ) | |
| *Defendant*. | ) | |

Plaintiffs Mark Triggs, Darren Schieferle and Timothy Moore brought suit against Lowe's Home Centers, Inc. ("Lowe's"), their employer, alleging that Lowe's violated the Fair Labor Standards Act and Ohio law by, *inter alia*, failing to calculate properly their regular rate for purposes of determining the overtime pay to which they were entitled for hours worked in excess of forty in a work week ("overtime calculation claim").  Lowe's denies that Plaintiffs are entitled to relief on any of their claims and denies that it failed to calculate properly the regular rate when determining the overtime wages owed to Plaintiffs in a given week.  With respect to Plaintiffs' overtime calculation claim, there is no genuine issue of material fact and Lowe's is entitled to judgment in its favor as a matter of law.  For this reason, and for those reasons articulated in the accompanying brief, pursuant to Federal Rule of Civil Procedure 56, Lowe's requests that this Court enter judgment in its favor on Plaintiffs' overtime calculation claim, dismiss the claim with prejudice, and award Lowe's its reasonable attorney's fees and costs incurred in securing partial summary judgment relief.

{4799569:}

Dated: March 31, 2014                              Respectfully submitted,

/s/ Douglas B. Schnee
Douglas B. Schnee (00063643)
McDonald Hopkins, LLC
600 Superior Avenue, East – 21st Floor
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-Mail: dschnee@mcdonaldhopkins.com


Kevin J. White*
Lindsay B. Velarde*
Hunton & Williams, LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC  20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
E-Mail: kwhite@hunton.com
E-Mail: lvelarde@hunton.com

M. Brett Burns*
Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105
Telephone: (415) 975-3725
Facsimile: (415) 975-3701
E-Mail: mbrettburns@hunton.com
* (Pro Hac Vice)

*Counsel for Defendant Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2014, the foregoing *Defendant Lowe's Home Centers, LLC's Motion for Partial Summary Judgment* was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system to:

>DANIEL P. PETROV
>MARK D. GRIFFIN
>SARA W. VERESPEJ
>Thorman Petrov Griffin Co., LPA
>3100 Terminal Tower
>50 Public Square
>Cleveland, Ohio 44113
>*Counsel for Plaintiffs*

>/s/ Douglas B. Schnee
>Douglas B. Schnee (0063643)
>*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK TRIGGS, *et al.*, | ) | CASE NO.  1:13-cv-1897 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | **DEFENDANT'S MEMORANDUM OF** |
| | ) | **POINTS AND AUTHORITIES IN** |
| LOWE'S HOME CENTERS, INC., | ) | **SUPPORT OF ITS MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT** |
| *Defendant*. | ) | |

## I.  INTRODUCTION

Plaintiffs Mark Triggs, Darren Schieferle, and Timothy Moore, "sales specialist" employees who work at three Lowe's stores in Ohio, allege that Lowe's excluded sales promotion incentive and Allowance payments when calculating their regular rate and thus underpaid their overtime wages.  Plaintiffs are wrong.  Lowe's calculated their overtime pay correctly – its formula for calculating the regular rate expressly includes the very sales promotion incentive and Allowance payments that Plaintiffs wrongly argue were excluded.  These facts cannot be disputed.  As a matter of law, and a matter of basic mathematical computation, Plaintiffs' "overtime pay calculation" claims should be summarily dismissed.

The Court also should exercise its discretion to award Lowe's its reasonable attorney's fees and costs incurred in securing this partial summary judgment relief.  A reasonable pre-suit investigation would have concluded that the claims should not have been filed in the first place.  Even assuming, however, that Plaintiffs filed the claims under some misunderstanding as to how their overtime pay was calculated, the claims should not have been litigated further after November 5, 2013, when Lowe's counsel wrote Plaintiffs' counsel, disclosed its overtime pay calculation formulas and calculations, and asked that the claims be voluntarily dismissed.  The claims were not dismissed.  Even after three days of deposition in January 2014 in which, among other things, Plaintiff Triggs was asked whether sales promotion incentive and Allowance payments were used to calculate his overtime and responded "I don't know if it is or not," and

{4799569:} 4

Plaintiff Moore was asked how Lowe's was incorrectly calculating his overtime pay, and responded "[a]t this point we have no idea how it's being done," the claims were not dismissed.

Lowe's now has been required to file the present motion to secure the summary dismissal of overtime pay calculation claims that should not have been filed and should not have been litigated once it clearly became apparent that the claims were groundless.  Lowe's therefore seeks to recover its reasonable attorney's fees and costs, in an amount the Court deems reasonable, incurred filing and prosecuting this motion.

## II.  STATEMENT OF UNDISPUTED FACTS

**A.     Plaintiffs and Sales Promotion Incentive Payments**

1. Plaintiff Mark Triggs previously worked as a Sales Specialist at Lowe's Brooklyn, Ohio store, and presently works as a Sales Specialist in Lowe's Bedford Heights, Ohio store.  Deposition of Mark Triggs at 9:21-10:2, 23:13-24:6, true and correct excerpts are attached as "Exhibit 1" to this Memorandum.

2. Plaintiff Darren Schieferle presently works as a Sales Specialist at Lowe's Rocky River, Ohio store.  Deposition of Darren Schieferle at 15:8-18, 34:16-19, true and correct excerpts are attached as "Exhibit 2" to this Memorandum.

3. Plaintiff Timothy Moore presently works as a Sales Specialist at Lowe's Mentor, Ohio store.  Deposition of Timothy Moore at 12:7-13, true and correct excerpts are attached as "Exhibit 3" to this Memorandum.

4. Plaintiffs are paid on an hourly basis and are eligible for overtime wages for hours worked over 40 in a work week.  *See* Plaintiffs' Complaint at ¶ 4 (alleging that Plaintiffs are non-exempt employees entitled to regular and overtime pay), ¶ 17 (alleging that Plaintiffs are currently hourly employees of Lowe's); *see generally* Triggs Dep. at 66:18-67:8; Schieferle Dep. at 9:21-10:21; Moore Dep. at 9:19-10:4.

5. In 2010, 2011, and for approximately six weeks in 2012, Lowe's ran a sales promotion incentive payments program, called the SPIFFs program, designed to increase sales of particular retail items.  Pursuant to the SPIFFs program, payments were attached to specific stock

items, and when an eligible employee sold such an item, the employee was credited the associated SPIFF payment, subject to the program terms. Declaration of Holly Toth at ¶ 3, "Exhibit 4" to this Memorandum.

6. In 2010, 2011, and for approximately six weeks in 2012, Lowe's also had a Lead SPIFFs Referral program in which a flat dollar "SPIFF" amount was paid to eligible employees who referred a customer lead that resulted in an Installed Sale for a Project Specialist Exterior (another Lowe's sales position) in a qualifying exterior solutions product category. Toth Dec. at ¶ 4.

7. Plaintiffs were eligible for SPIFFs under both programs and Lowe's paid Plaintiffs any SPIFFs credited to them in accordance with the terms of the programs. Toth Dec. at ¶ 5.[1]

B. **Lowe's Overtime Pay Calculations**

8. During the relevant time period, Lowe's paid SPIFFs in the employee's regular bi-weekly paycheck. When an employee worked over 40 hours in a work week, any SPIFFs paid for that work week were added to regular wages when calculating the regular rate for purposes of determining any overtime pay owed. Lowe's used a standardized formula for calculating the regular rate and overtime pay. First, Lowe's multiplied the Regular Hourly Rate (RHR) by the Total Hours Worked (THW) during the work week. This resulted in the employee's Regular Pay (RP) for the work week. Then, Lowe's added to the Regular Pay any SPIFFs paid for that work week. The resulting total was divided by the Total Hours Worked (THW). That total was divided by two and multiplied by the number of overtime hours worked. The final amount was the overtime pay for that week. Toth Dec. at ¶ 6.

9. These overtime pay calculations are illustrated by the following formulas: (i) RHR x THW = RP, and (ii) {[(RP + SPIFF) / THW] / 2} x Overtime Hours Worked = Overtime

---

[1] Solely for the purposes of this motion, Lowe's assumes that the longest possible statute of limitations period – three years – applies to Plaintiffs' claims. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) (three-year limitations period). Lowe's otherwise reserves the right to assert that a two-year period, rather than a three-year period, applies to all claims.

{4799569:} 6

Pay. Applying these formulas, Lowe's totaled the overtime pay, regular pay, and SPIFF payments, which resulted in the employee's gross wages for the week. Lowe's used these formulas to calculate the overtime owed to Plaintiffs for weeks in which they were paid SPIFFs. Toth Dec. at ¶¶ 6-7.[2]

10. In 2012, Lowe's replaced its transaction-based incentive programs, including the SPIFFs program, with an Allowance program. The last sales transactions which could qualify as compensable under the SPIFF programs occurred during the work week ending February 10, 2012. The purpose of the Allowance program is to replace a portion of the income that was lost when the incentive programs ended. Employees who were in SPIFF-eligible positions prior to October 29, 2011 and who had compensable sales between January 8, 2011 and January 6, 2012 resulting in the payment of SPIFF incentives in excess of $250.00 were eligible for the Allowance program. Toth Dec. at ¶ 11.

11. Lowe's calculated Allowance payments for each eligible employee by (i) totaling the incentive earnings paid to the employee between the January 28, 2011 paycheck and the January 13, 2012 paycheck, (ii) multiplying that number by 50%, and (iii) dividing that number by 52. The resulting amount is the employee's weekly Allowance payment. When communicating the Allowance calculation to employees, Lowe's used 26, rather than 52, as the divisor to produce the bi-weekly, rather than weekly, Allowance amount because employees would see the bi-weekly amount on their bi-weekly paychecks. Toth Dec. at ¶ 12.

12. Plaintiffs were eligible for Allowance payments and were paid Allowance payments by Lowe's. Toth Dec. at ¶ 13.

    a. Plaintiff Triggs received a total of $12,016.16 in incentives during the relevant period. That amount multiplied by 50% and divided by 52 equals $115.54, which is Triggs' weekly Allowance amount. Toth Dec. at ¶ 14.

---

[2] Examples of the calculations for each Plaintiff are detailed in ¶¶ 8-10 of the Toth Declaration.

    b.  Plaintiff Moore received a total of $15,916.73 in incentives during the relevant period. That amount multiplied by 50% and divided by 52 equals $153.045. Mr. Moore's weekly Allowance amount is $153.04 the first week of the payroll period and $153.05 the second week of the payroll period. Toth Dec. at ¶ 15.

    c.  Plaintiff Schieferle received a total of $18,883.84 in incentive payments during the relevant period. That amount multiplied by 50% and divided by 52 equals $181.575. Mr. Schieferle's weekly Allowance amount is $181.57 the first week of the payroll period and $181.58 the second week of the payroll period. Toth Dec. at ¶ 16.

  13.  Allowance amounts are paid in any week in which an employee records hours paid by Lowe's (for example, regular hours and vacation hours). When an employee works over 40 hours in a work week, the Allowance amount paid that work week is added to the employee's regular wages when calculating the regular rate for purposes of determining any overtime pay owed. Lowe's uses the same standardized formula for calculating the regular rate and overtime pay when Allowances are paid as it did when SPIFFs were paid. Toth Dec. at ¶ 17.

  14.  These overtime pay calculations are illustrated by the following formulas: (i) RHR x THW = RP, and (ii) {[(RP + Allowance) / THW] / 2} x Overtime Hours Worked = Overtime Pay. Lowe's then totals the overtime pay, regular pay and Allowance amount, which results in the employee's gross wages for the week. Lowe's used – and still uses – these formulas to calculate overtime owed to Plaintiffs for weeks in which they are paid Allowances. Toth Dec. at ¶¶ 6, 17, 18.[3]

  15.  These formulas were used to calculate the overtime owed to Plaintiffs in each week in which they worked overtime. Toth Dec. at ¶ 22; Toth Dec. Exs. M-O.

---

[3] Examples of the calculations for each Plaintiff are detailed in ¶¶ 19-21 of the Toth Declaration.

{4799569:}          8

C. **Plaintiffs' Overtime Pay Calculation Claim, Lowe's November 2013 Disclosures, and Plaintiffs' January 2014 Deposition Admissions.**

16. On July 23, 2013, Plaintiffs filed their complaint, alleging, among other things, that they were not properly paid "full overtime pay, such that their 'SPIFF' and 'Allowance' payments were not properly calculated in their regular rate of pay for purposes of overtime compensation." Plaintiffs' Complaint at ¶¶ 3, 23-26.

17. On November 5, 2013, Lowe's counsel wrote to Plaintiffs' counsel and, using Plaintiff Triggs's pay data as an example, disclosed the formulas and calculations Lowe's used to calculate overtime pay for weeks in which Plaintiffs were paid SPIFFs and Allowances. Lowe's counsel also provided the associated weekly pay documents. Lowe's counsel requested that Plaintiffs dismiss the overtime pay calculation claims. A true and correct copy of the letter and exhibits thereto is "Exhibit 5" to this Memorandum.[4]

18. On January 10, 2014, Lowe's served its responses to Plaintiff Triggs' First Set of Interrogatories. In response to Interrogatory Number 9, Lowe's provided again the formula used to calculate Plaintiffs' overtime pay. This was the same formula disclosed in Lowe's November 5 letter. A true and correct copy of Lowe's responses is "Exhibit 6" to this Memorandum. Additionally, Lowe's has produced to Plaintiffs their bi-weekly and weekly pay data for the relevant time period. *See*, *e.g.*, Toth Dec. Exs. M-O.

19. Lowe's counsel subsequently responded to an email from Plaintiffs' counsel regarding the overtime pay calculation and explained again how to make proper overtime pay calculations from weekly pay data.

20. On January 22, 23, and 24, 2014, Plaintiffs were deposed.

  a. When Plaintiff Triggs was asked whether he knew if the Allowances he was paid were used to calculate his overtime, he responded "I don't know if it is or not." He further admitted he never asked anybody at Lowe's if SPIFFs or Allowances are used to

---

[4] Pursuant to the Stipulated Protective Order entered by the Court on October 25, 2013 (ECF Doc. 15), Lowe's marked the document attached to its November 5 letter at Tab 2 "confidential." Rather than file the document under seal, we have redacted the confidential document. If the Court wishes to review the redacted document, Lowe's will present the document for in camera review or file it under seal, as the Court prefers.

{4799569:}  9

calculate overtime, that no one at Lowe's ever told him that SPIFFS or Allowances are not used to calculate overtime, and that he never complained to anyone that SPIFFS and Allowances were not included in his overtime pay.  Triggs Dep. at 116:23-119:1.

       b.    When Plaintiff Moore was asked how Lowe's was incorrectly calculating his overtime pay, he responded that he could not answer without "see[ing] the formula on how it's being done," admitted "[a]t this point we have no idea how it's being done," and when asked how SPIFF and Allowance payments were factored into overtime pay, confessed "I have no clue."  He further admitted that he never asked anybody at Lowe's if SPIFF or Allowance payments were included in his overtime pay, that no one ever told him that Lowe's incorrectly calculates overtime when he was paid a SPIFF or Allowance payment, and he had never seen any documents showing Lowe's incorrectly pays overtime when he received a SPIFF or Allowance payment.  Moore Dep. at 158:2-159:14, 160:22-161:8, 164:2-16, 167:12-23, 168:8-22, 169:20-170:2, 173:9-12, 176:9-15, 180:8-181:1, 185:18-22.

       21.    On March 7, 2014, Plaintiffs deposed Lowe's Vice President of Compensation and HR Shared Services Holly Toth as Lowe's Federal Rule of Civil Procedure 30(b)(6) representative on Lowe's policies and practices regarding Allowances and SPIFF payments, including the means used to calculate or allocate the SPIFFs or Allowances to each employee and the means used to calculate the regular and overtime pay.  Toth explained "Lowe's adds the regular pay, which is calculated as regular hourly rate times total hours worked, adds in any nondiscretionary variable pay from the workweeks for which we're doing the calculation – the workweek, divides that by the total hours worked, determines the half-time rate by dividing that by two, multiplies that half-time rate times the overtime hours worked to determine overtime pay."  Deposition of Holly Toth at 87:4-25, true and correct excerpts are attached as "Exhibit 7" to this Memorandum.  Toth confirmed that she had reviewed every week in which the Plaintiffs had worked overtime and confirmed that they had been paid correctly.  Toth Dep. at 97:2-18; 100:15-101:1.

{4799569:}       10

22. As of the date of the filing of this motion, Plaintiffs have not dismissed their claim that SPIFFs and Allowances are excluded from overtime calculations.

### III.  LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Factual disputes preclude summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish an element essential to that party's case, because in such a situation, there can be "no genuine issue as to any material fact," since a failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial.  *Celtotex Corp.*, 477 U.S. at 322-23.

### IV.  ARGUMENT

A. **Plaintiffs' Overtime Pay Calculation Claim Fails As A Matter Of Law.**

    1. **Under the FLSA and the Ohio MFWSA, nondiscretionary bonus payments must be included in the regular rate used to calculated overtime wages.**

The FLSA requires employers to compensate employees for all hours worked in excess of forty at "a rate not less than one and one-half times the regular rate" at which they are employed.  29 U.S.C. § 207(a)(1).  The FLSA defines "regular rate" to include "all remuneration for employment paid to, or on behalf of, the employee" unless it falls under one of eight exceptions, none of which applies here.  29 U.S.C. § 207(e).  Nondiscretionary bonus payments must be included in the regular rate.  29 C.F.R. § 778.208.

The federal regulations articulate the manner in which overtime is to be calculated for hourly employees:

> If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the "regular rate." For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week. Thus a $12 hourly rate will bring, for an employee who works 46 hours, a total weekly wage of $588 (46 hours at $12 plus 6 at $6). In other words, the employee is entitled to be paid an amount equal to $12 an hour for 40 hours and $18 an hour for the 6 hours of overtime, or a total of $588.

29 C.F.R. §778.110(a). The regulations also explain the overtime wage calculation for a work week in which an hourly employee is paid a nondiscretionary bonus:

> If the employee receives, in addition to the earnings computed at the $12 hourly rate, a production bonus of $46 for the week, the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13 plus 6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50).

29 C.F.R. § 778.110(b).[5] In sum, an employee's regular rate of pay is "properly calculated by adding all of the wages payable for the hours worked at the applicable shift rates and dividing by the total number of hours worked." *Brock v. Wilamowsky*, 833 F.2d 11, 14 (2nd Cir. 1987). This is a straightforward exercise. As recognized by the U.S. Supreme Court, "[o]nce the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation . . . ." *Walling v. Youngerman-Reynolds Hardwood Co., Inc.,* 325 U.S. 419, 424-25 (1945).

---

[5] Overtime wages are calculated the same way under Ohio law. The Ohio Minimum Fair Wage Standards Act ("MFWSA") requires that employers pay employees overtime at a rate of one and one-half times the employees' wage rate for hours worked in excess of forty hours in one workweek "in the manner and methods provided in and subject to the exemptions of section 13 of the 'Federal Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 207, 213, as amended." Ohio Rev. Code § 4111.03(A). By expressly incorporating the FLSA, Ohio law dictates that overtime wages be calculated in the same manner as under the FLSA. *See Thomas v. Speedway SuperAmerica LLC*, 506 F.3d 496, 501 (6th Cir. 2007) ("Even though Thomas asserts an overtime claim under both federal and state law, we need consider only federal law on this issue, as the Ohio statute expressly incorporates the standards and principles found in the FLSA.") (citing Ohio Rev. Code § 4111.03(A)).

**2. Lowe's properly includes SPIFF and Allowance payments in the regular rate when calculating overtime wages.**

Lowe's formula for calculating overtime pay for weeks in which employees work over 40 hours and are paid SPIFFs or Allowances complies with the FLSA and Ohio law. SPIFFs and Allowances are nondiscretionary bonus payments. Pursuant to applicable federal and state law, Lowe's formula for calculating the regular rate for purposes of determining overtime wages owed includes SPIFFs or Allowances paid for the work week. *See* Section II(B)(¶¶ 8-14), *supra*.

The legality of Lowe's formula for calculating the regular rate can be illustrated by testing it against the overtime calculation example provided in the FLSA regulations at 29 C.F.R. § 778.110(b). The example uses an hourly rate of $12, a production bonus of $46 and 46 total hours worked. 29 C.F.R. § 778.110(b). The calculation in the regulation is:

> the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13 plus 6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50).

*Id.* The same result is achieved using Lowe's formula:

| Calculation of Overtime Pay |
|---|
| RHR x THW = RP → $12 x 46 = $552 |
| {[(RP + Bonus) / THW] / 2} x Overtime Hours Worked = Overtime Pay → $552 + $46 = $598 / 46 = $13 / 2 = $6.50 x 6 = $39 |

Just as with the FLSA regulation example, the employee is entitled to be paid a total wage of $637, calculated by adding the regular pay of $552, plus a bonus of $46, plus overtime pay of $39. Lowe's formula – which mirrors the calculation provided in the federal regulations – complies with the FLSA. Moreover, because overtime wages are calculated under Ohio law "in the same manner and methods" as under the FLSA, Ohio Rev. Code § 4111.03(A), Lowe's formula also complies with Ohio law. *See Thomas*, 506 F.3d at 501.

### 3. Lowe's calculated overtime wages lawfully for Plaintiffs Triggs, Schieferle, and Moore, and there is no competent evidence to the contrary.

As detailed above, in weeks in which Plaintiffs worked over forty hours, Lowe's included SPIFFs or Allowances paid for the relevant work week when calculating the regular rate for purposes of determining the overtime wages owed to Plaintiffs Triggs, Schieferle, and Moore. *See* Section II(B)(¶ 15), *supra*.

While Plaintiffs allege in their Complaint that their SPIFF and Allowance payments were not properly calculated in their regular rate of pay for purposes of overtime compensation (Plaintiffs' Complaint at ¶¶ 3, 23-26), this is not true.  At their depositions, Plaintiffs made it clear that their overtime pay calculation claims have no factual basis.  Plaintiff Triggs admitted that he didn't know if SPIFFs and Allowances were used to calculate overtime pay.  Plaintiff Moore confessed "we have no idea how [overtime pay calculations are] being done" and, when asked if SPIFFs and Allowance payments were factored into overtime pay, stated "I have no clue."  No Plaintiff could cite a single example of Lowe's ever telling them that SPIFFs or Allowances are not used to calculate overtime and, prior to filing the present lawsuit, no Plaintiff ever complained that SPIFF and Allowance payments were not included in the overtime pay they received.  *See* Section II(B)(¶ 20), *supra*.

Lowe's calculated overtime wages lawfully for Plaintiffs Triggs, Schieferle, and Moore, and Plaintiffs' own testimony establishes there is no competent evidence to the contrary.  As a matter of law, and a matter of basic mathematical computation, Plaintiffs' "overtime pay calculation" claims should be summarily dismissed.

### B. Lowe's Is Entitled To An Award Of Reasonable Attorney's Fees.

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them.  In invoking the inherent power to punish conduct which abuses the judicial process, a court has the discretion to fashion an appropriate sanction, which may include an assessment of attorneys' fees when a party has acted in bad faith or practices a fraud upon the Court.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 35-51 (1991)

(recognizing that a district court has inherent powers to sanction a party by awarding the other side attorneys' fees and related expenses); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975).  As explained in *Alyeska*, a court may assess attorneys' fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 258-59.

In the present case, Lowe's has been required to file the present motion to secure the summary dismissal of overtime pay calculation claims that should not have been filed and should not have been litigated once it clearly became apparent that the claims were groundless.  The overtime pay calculation claims should have been dismissed shortly after November 5, 2013, when Lowe's disclosed the formulas and calculations it used to calculate overtime pay – formulas and calculations that expressly indicated that SPIFFs and Allowances were included in the regular rate calculations.  *See* Section II(B)(¶ 15), *supra*.  The overtime pay calculation claims should have been dismissed a second time when Lowe's produced to Plaintiffs their weekly and bi-weekly pay records, enabling them to review the records and test Lowe's calculation of their overtime pay.  *See* Section II(B)(¶ 18), *supra.* The overtime pay calculation claims should have been dismissed a third time after Lowe's counsel responded to an email from Plaintiffs' counsel and explained again how to make proper overtime pay calculations from weekly pay data.  *See* Section II(B)(¶ 19), *supra*.  The overtime pay calculation claims should have been dismissed a fourth time shortly after January 22, 23, or 24, 2014, when Plaintiffs were deposed and admitted their claims have no factual basis.  *See* Section II(B)(¶ 20), *supra*.  The overtime pay calculation claims should have been dismissed a fifth time after Plaintiffs deposed Vice President of Compensation and HR Shared Services Toth on March 7, 2014, and she explained again Lowe's formula for calculating overtime pay and said she had verified that each Plaintiffs' overtime had been calculated correctly.  *See* Section II(B)(¶ 21), *supra.*

These facts present serious concerns about Plaintiffs' tactics, constitute an abuse of the judicial process, and demonstrate that an award of sanctions is both warranted and appropriate. A reasonable pre-lawsuit investigation of facts and law would have demonstrated that Plaintiffs' overtime pay calculation claims never should have been filed, and this lawsuit certainly should

not have been prosecuted further once the relevant formulas and calculations were disclosed, Plaintiffs' depositions were taken, and Plaintiffs had the opportunity to question Lowe's corporate representative regarding the calculations. Under these circumstances, an award of reasonable attorney's fees and monetary sanctions against Plaintiffs is well within the Court's discretion. Lowe's is willing to accept the amount that the Court deems reasonable.[6]

## V. CONCLUSION

For the foregoing reasons, Lowe's requests that the Court grant its Motion for Partial Summary Judgment, dismiss with prejudice Plaintiffs' overtime pay calculation claims, and grant Lowe's sanctions and/or reasonable attorneys' fees in an amount that the Court deems appropriate against Plaintiffs.

---

[6] Lowe's asks the Court to consider that its attorneys' fees expended to file this motion presently exceed $25,000.00. If attorneys' fees are awarded pursuant to this motion, Lowe's will provide evidence of attorneys' fees by declaration, supporting documents, or in whatever form the Court requests to support the fees award.

Dated: March 31, 2014                    Respectfully submitted,

/s/ Douglas B. Schnee
Douglas B. Schnee (00063643)
McDonald Hopkins, LLC
600 Superior Avenue, East – 21st Floor
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: dschnee@mcdonaldhopkins.com

Kevin J. White*
Lindsay B. Velarde*
Hunton & Williams, LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC  20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
Email: kwhite@hunton.com
Email: lvelarde@hunton.com

M. Brett Burns*
Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105
Telephone: (415) 975-3725
Facsimile: (415) 975-3701
Email: mbrettburns@hunton.com
*Counsel for Defendant*
*\* (Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2014, the foregoing *Defendant Lowe's Home Centers, LLC's Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment* was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system to:

> DANIEL P. PETROV
> MARK D. GRIFFIN
> SARA W. VERESPEJ
> Thorman Petrov Griffin Co., LPA
> 3100 Terminal Tower
> 50 Public Square
> Cleveland, Ohio 44113
> *Counsel for Plaintiffs*

/s/ Douglas B. Schnee
Douglas B. Schnee (0063643)
*Counsel for Defendant*

{4799569:}

## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing *Defendant Lowe's Home Centers, LLC's Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment* does not exceed thirty pages and, because it has been designated as a "complex" case (*see* ECF No. 13), it conforms to the Length of Memoranda limitation articulated in LR 7.1(f).

                                /s/ Douglas B. Schnee
                                Douglas B. Schnee (0063643)
                                *Counsel for Defendant*