**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Mark Triggs, et al. | ) | **CASE NO. 1:13 CV 1897** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lowe's Home Centers, Inc. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Plaintiffs' Motion for Collective Action and Class

Certification and Court-Authorized Notice to Potential Class Members (Doc. 26).  This is a Fair

Labor Standards Act ("FLSA") case.  For the following reasons, Plaintiffs' Motion for

Collective Action and Class Certification and Court-Authorized Notice to Potential Class

Members is DENIED.[1]

---

[1]     Also before the Court are Defendant Lowe's Objections to and Motion to Strike
Portions of Plaintiffs' Evidence in Support of Motion for Conditional Class
Certification (Doc. 42), Defendant Lowe's Objections to Evidence Attached to
Plaintiffs' Reply Memorandum in Support of Class Certification and Motion to
Strike Same (Doc. 54), and Defendant Lowe's Motion for Leave to File Sur-
Reply in Opposition to Plaintiffs' Motion for Collective Action Certification

1

**Facts**

Plaintiffs Mark Triggs, Darren Schieferle, and Timothy Moore, on behalf of themselves and all similarly situated individuals,[2] bring this action against Lowe's Home Centers, Inc. ("Lowe's"), a national home improvement and appliance retailer.  Nationally, Lowe's operates 1,700 stores and employs approximately 200,000 non-exempt hourly employees.  In Ohio, Lowe's operates 83 stores and has more than 9,000 non-exempt hourly employees.   Lowe's requires that "[a]ll associates must wear an apron or vest while working anywhere in a Lowe's facility or vehicle regardless of job function." (Doc. 26-3 p. 1).  Lowe's requires that the aprons/vests be retained at the store.  "Associates must secure them in their lockers while they are off duty. Aprons/vests must not be stored at workstations." (Doc 26-3 p. 1).  "To punch in and out, employees can use any Thin Client terminal in their assigned department." (Doc. 27 p. 1).

Plaintiffs claim that defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Ohio Minimum Wage Fair Standards Law ("Ohio Wage Act"), Ohio Rev. Code § 4111.03(A),  regarding pay for pre- and post-shift activities involving the "donning and doffing" of their Lowe's uniforms.  Plaintiffs contend that at the beginning of their shifts they are required to retrieve their uniforms in lockers in the break room, don them, and

----

(Doc. 52).  Because the Court has determined that plaintiffs' motions for class and collective action certification must be denied even considering all of plaintiffs' evidence, the Court will not opine on whether admissibility determinations must be made at the certification stage of a collective or class action in light of the Supreme Court's *Dukes* and *Comcast* decisions.  Defendant's motions are denied as moot.

[2]    As of the date of the filing of the Motion for Collective Action and Class Certification, three additional plaintiffs have joined the action.

then proceed to their assigned departments where they punch in, and at the end of their shifts employees are required to punch out at their assigned departments, return to the break room, doff their uniform, and then leave the store.  The named plaintiffs and opt-in plaintiffs are all current and former non-exempt hourly employees of four stores in Northeast Ohio.

This matter is now before the Court upon plaintiffs' motion for conditional certification of an FLSA nationwide collective action for non-exempt Lowe's employees.  Plaintiffs also move for certification of a Rule 23 class for Lowe's non-exempt employees in Ohio under the Ohio Wage Act.

### Discussion

**A. FLSA Collective Action**

Plaintiffs argue that defendant violated the FLSA by failing to pay them required wages and overtime because it did not compensate them for the time it took to retrieve their uniforms in the break room, don them, and proceed to their assigned departments where they clocked-in. Nor did defendant compensate them for the time after they clocked-out, returned to the break room, and removed their uniforms.  Plaintiffs move for conditional certification of a collective action under 29 U.S.C. § 216(b) and propose the following class definition:

> Named plaintiffs and all other persons who at any point in the last 3 years:
> (a) were hourly non-exempt employees;
> (b) were required to wear a uniform while working and store it in a location other than where they were required to clock in or out; and
> (c) were not paid for time worked before clocking-in or after clocking-out.

An employee may sue for violations of the FLSA on his or her own behalf and as a representative plaintiff on behalf of similarly situated employees. 29 U.S.C. § 216(b).  The similarly situated employees must opt-in by "giv[ing] [their] consent in writing to become such a

3

party and such consent [must be] filed in the court in which such action is brought." *Id.*  This

type of suit is called a "collective action."  A district court may, in its discretion, facilitate notice

of the collective action to potential opt-in plaintiffs to efficiently adjudicate the FLSA collective

action. *See Hoffman–La Rouche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d

480 (1989).

      Prior to determining whether an action may proceed as a collective action, a court must

determine whether the prospective opt-in plaintiffs are similarly situated. *Comer v. Wal–Mart*

*Stores, Inc.,* 454 F.3d 544, 546–47 (6th Cir. 2006) (internal citations omitted).  Courts generally

use a two-stage approach to determine this issue. *Id. See also Monroe v. FTS USA, LLC,* 257

F.R.D. 634, 637 (W.D. Tenn. 2009); *Murton v. Measurecomp, LLC,* No. 1:07CV3127, 2008 U.S.

Dist. LEXIS 108060, at *6–7 (N.D. Ohio June 9, 2008).  During the first stage which typically

takes place before discovery, the standard for conditional certification is "fairly lenient."  Courts

generally require only a "modest factual showing" that the plaintiff's position is similar to that of

other employees. *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l,* 210 F.R.D.

591, 595 (S.D. Ohio 2002); *Moriskey v. Public Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497

(D.N.J. 2000)).  During the second stage, the court makes a final determination on whether opt-

in class members are similarly situated based upon a thorough review of the record after

discovery is completed. *Schwab v. Bernard,* No. 5:11–cv–1216, 2012 WL 1067074 (N.D. Ohio

March 28, 2012).  This final certification decision is normally based on a variety of factors,

including "factual and employment settings of the individual[ ] plaintiffs, the different defenses

to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and

procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters.,*

*Inc.,* 575 F.3d 567, 584 (6th Cir. 2009) (citing 7B Wright, Miller, & Kane, *Federal Practice and*

*Procedure* § 1807 at 497 n.65 (3rd ed. 2005), and *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953

(11th Cir. 2007)).

However, when the parties are permitted to conduct some discovery to determine whether

a class of similarly situated plaintiffs may exist, courts hold the plaintiff to a higher standard of

proof for conditional certification. *See Creely v. HCR ManorCare, Inc.,* 789 F. Supp. 2d 819,

823–24 (N.D. Ohio 2011) (discussing cases).  Under this "modest 'plus' factual showing," an

intermediate level between the two stages, the following principles apply:

- First, as is true when applying the more lenient standard, "the court's analysis is confined to evaluating whether the proposed class is 'similarly situated' and does not touch upon the merits of [the] plaintiffs' claims." *Id.* at 826.
- Second, the court "should consider the evidence produced by [the] plaintiff and [the] defendant with the explicit acknowledgment that the body of evidence is necessarily incomplete." *Id.*
- Third, the court may consider, but the plaintiff is not required to show, the factors commonly considered under stage two in performing a "similarly situated" analysis, including, "(1) the disparate factual and employment settings of the individual opt-in plaintiffs; (2) the various defenses available to defendants with respect to individual plaintiffs; and (3) fairness and procedural considerations." *Id.* at 823, 826.
- Fourth, the court "resolv[es] any gaps or doubts in the evidence in favor of [the] plaintiffs based upon the incomplete, although potentially substantial, factual record in light of the equitable goals and policies embodied in the FLSA." *Id.* at 826.

The six named and opt-in plaintiffs, all of whom are sales specialists and non-exempt

hourly employees, work at four stores in Northeast Ohio.  They seek to certify a nationwide class

of approximately 200,000 non-exempt hourly employees, with varying job descriptions, who

work at defendant's nearly 1,700 stores.  Plaintiffs argue that potential class members are subject

to the same policies regarding the wearing and storing of uniforms. (Strickland Depo. 86: 1-4;

86:14-18).  And nationwide,  "[t]o punch in and out, employees can use any Thin Client terminal

in their assigned department." (Doc. 27-1 p. 1).

Defendant argues that the evidence does not establish that plaintiffs are similarly situated to other putative class members.  Plaintiffs do not allege that class members are similar in terms of hours worked.  Lowe's has a number of part-time employees who, even with the additional time for donning and doffing, would not be eligible for overtime and hence are not protected by the FLSA.  The putative class members hold different positions, some of which do not require the consistent wearing of a vest or apron.  Defendant presents evidence from forty-two declarants who work in different positions, different departments, and different stores in the Cleveland, Ohio area, where plaintiffs work.  The evidence details an array of employee experiences in Northeast Ohio with regard to clocking-in and clocking-out and the wearing and storing of store uniforms.  Defendant argues that the limited numerical and geographical evidence provided by plaintiffs does not establish that they are substantially similar to the nationwide class they seek to certify.

Upon review, the Court finds that the evidence does not demonstrate any uniformity in the sequential manner by which employees clock-in and out and don their uniforms.  Rather, the evidence demonstrates vastly different accounts of how putative plaintiffs clock-in and out of work and where they store their uniforms even within the stores at which plaintiffs are employed.  For instance, plaintiffs' declarations state they were required to retrieve their vests from the break room before clocking-in at their assigned departments. *See* Triggs Decl. ¶ 11. Defendant's written policies, however, do not contain requirements that employees walk to the break room to retrieve their vests, transport them back to their assigned departments, and clock-in at their assigned departments. (MS-01 Timekeeping Scheduling and Processing Payroll and

6

MS-04 Store Uniforms).  Defendant presents evidence from other employees that they store their vests at their assigned departments and not in the break room. *See e.g.,* O'Connell ¶6-7 (stores vest in Receiving office; rarely goes to the break room); Pace ¶¶10, 12 (stores his vest in the Receiving department office, but other Receiving employees store their vests in lockers); Porter ¶ 4 (stored vest in desk drawer in the Home Decor Department when assigned there, now stores vest in Hardware department where she is assigned); T. Roberts ¶ 4 (stores vest in Commercial Sales where he is assigned).  Indeed, Plaintiff Schieferle stated that he actually stores his vest at a kiosk in his department sometimes. (Schieferle Depo. 21:6-18).

There is evidence that some employees clock-in before retrieving their vests. *See e.g.,* Arvin ¶4 ("Only after I punch in do I put my vest on."); Bratten ¶4 (occasionally clocks-in before retrieving vest); Huffman ¶¶3-4 (clocks-in before retrieving and putting on vest, clocks-out after removing vest and storing it in locked drawer); Kalinski ¶3 (clocks-in immediately upon arriving at the store and then retrieves vest from store manager's office); McCann ¶3 (always clocks-in before putting on her vest); Miller ¶¶4, 9 (clocks-in before putting on his vest, but clocks-out before taking it off).  Sometimes employees work without a vest on. (Schieferle Depo. 69:25-71:2; Miller Decl. ¶ 4; Pace Decl. ¶¶10, 12).

Defendant also presents testimony from managers at the Ohio Lowe's stores where plaintiffs work demonstrating that the managers interpret defendant's policies to permit hourly employees to clock-in and out of terminals not in their assigned departments. *See e.g.*, Bright Depo 22:21-24:2 (employees clock-out at the hardware desk when they leave the building); Rito Depo. 22:16-23:3 (indicating he permits employees to clock-in wherever they want).  Plaintiff Moore agreed that there is a store policy that permits employees to clock-out at the hardware

department. (Moore Depo. 58:22-59:3).

At best, plaintiffs' evidence shows varying interpretations of policies by managers at four stores in Northeast Ohio regarding where employees store their uniforms, whether they clock-in before they retrieve their uniforms, and where they clock-in and out.  Plaintiffs' evidence is insufficient to demonstrate that there is substantial similarity among the proposed opt-in plaintiffs.  Accordingly, this Court will not conditionally certify a collective action.

### B. Rule 23 Class Certification

Plaintiffs claim that defendant violated the Ohio Minimum Wage Act by failing to pay its workers required wages and overtime.  Ohio law incorporates the requirements of the FLSA. *See* Ohio Rev. Code § 4111.10(A) (employer required to pay overtime for hours worked in excess of 40 hours in one workweek); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (noting that courts need consider only federal law on plaintiffs' overtime claim as "the Ohio statute expressly incorporates the standards and principles found in the FLSA.").

The rules applicable to class actions under Federal Rule of Civil Procedure 23 are even "more stringent" than those applied to collective actions under the FLSA. *See O'Brien,* 575 F.3d at 584–85.  A district court may certify a Rule 23 class only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

8

Certification is proper "only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes,* 131 S.Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982)); *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1998) (*en banc*).  "Such an analysis," the Supreme Court counsels, "will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1432 (2013) (internal quotation marks omitted) (quoting *Walt–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551–52 (2013)).  "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes,* 131 S.Ct. at 2551 (emphasis original).  A district court has broad discretion to determine whether to certify a class, within the dictates of Rule 23. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *In re Am. Med. Sys.,* 75 F.3d 1069, 1079 (6th Cir. 1996).

In addition to meeting the Rule 23(a) criteria, the proposed class must also meet at least one of the requirements listed in Rule 23(b). *Dukes,* 131 S.Ct. at 2548; *Sprague,* 133 F.3d at 397. Here, plaintiffs maintain that the class is properly certified under Rule 23(b)(3), which requires the court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

**1. Commonality**

9

Rule 23(a)(2) requires Plaintiffs to prove that there are questions of fact or law common to the class. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "To demonstrate commonality, plaintiffs must show that class members have suffered the same injury." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 835, 852 (6th Cir. 2013) (citing *Dukes*, 131 S. Ct. at 2551). "Their claims must depend upon a common contention … [which is] of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.

Upon review, the Court finds that plaintiffs fail to demonstrate commonality for their proposed Ohio class.  In *Wal–Mart Stores, Inc. v. Dukes,* the Supreme Court stated that a plaintiff satisfies Rule 23's commonality requirement by showing that his employer had a uniform practice that violated the law. 131 S.Ct. at 2553.  Plaintiffs cannot meet the commonality requirement in Rule 23 for the same reasons that they cannot meet the similarity requirement in the collective action certification under the FLSA.  Based upon the Court's review of the evidence, there is no substantial proof that the purported class of defendant's non-exempt employees were subject to uniform national policies that would cover all of defendant's Ohio employees.  Plaintiffs fail to show that uncompensated overtime for donning and doffing is a common issue affecting the entire class.  Accordingly, the Court denies plaintiffs' motion to certify its Ohio class.

### 2. Rule 23(b)(3)

Assuming that plaintiffs have satisfied the commonality requirement, the proposed class also fails to meet the requirements of Rule 23(b)(3).

10

Under Rule 23(b)(3), common questions of law or fact must predominate over questions affecting individual class members.  This inquiry focuses on "common questions that can be proved through evidence common to the class." *In re Whirlpool*, 722 F.3d at 858 (citing *Amgen Inc. Conn. Ret. Plans & Trust Funds*, ⎯ U.S. ⎯, 133 S.Ct. 1184, 1195–96, 185 L.Ed.2d 308 (2013)).  The need to make individualized inquiries pertaining to liability suggests that the predominance requirement is not met.  *See Randleman v. Fidenlity Nat. Title Ins. Co.*, 646 F.3d 347, 353–54 (6th Cir. 2011).

Plaintiffs argue that the only individualized determinations that would have to be made go to damages, which does not preclude certification.  Defendant offers that key issues of liability would have to be determined on an individual basis.  Defendant argues that it has a right to present individual defenses for each employee.  Additionally, a determination would have to be made if any uncompensated work time was sufficient to cause that employee a loss of overtime compensation in a particular work week.

The Court finds that, even if there were substantial proof of defendant's policies common to the class,  the ultimate question—whether those policies resulted in the undercompensation of overtime to the putative class members—requires individual inquiries.  *See Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 532 (C.D. Cal. 2011) (finding no commonality where resolution of what the common policy is would not resolve the issue of defendant's liability which would require individual inquiries).   In order for defendant to be liable, there would need to be a determination of how long it took each employee to don/doff their uniform and travel to their assigned departments.  After that, there would need to be a determination of whether this extra time would cause the plaintiff to be eligible for overtime.  The evidence provided by defendant is

11

persuasive to show that there are individual questions regarding liability to potential class members.  Individual issues predominate in this case and, for this reason, plaintiffs' motion for certification is denied.

### Conclusion

For the reasons set forth above, Plaintiffs' Motion for Collective Action and Class Certification and Court-Authorized Notice to Potential Class Members is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/19/14

12